**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY KENNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-0487-CVE-PJC** |
| | ) | |
| **TRAVELERS INDEMNITY** | ) | |
| **INSURANCE CO. and** | ) | |
| **MICHAEL D. ANTKOWIAK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's "draft" [sic] complaint (Dkt. # 1) and Motion for Leave

to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2).  Plaintiff states that his is

appealing the wrongful denial of his claim for workers' compensation benefits and he may be

seeking class certification.  See Dkt. # 1.  He has attached documents showing that he filed a claim

for workers' compensation benefits and the claim was denied by the Oklahoma Workers'

Compensation Court.  Id. at 4-5.  In reliance upon the representations and information set forth in

plaintiff's motion to proceed in forma pauperis and supporting affidavit (Dkt. # 2), the Court finds

that the motion should be granted.  Plaintiff is entitled to file this action without prepayment of fees

and costs.

Federal courts are courts of limited jurisdiction, and there is a presumption against the

exercise of federal jurisdiction.  Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005);

Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991).  Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal

subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S.

178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed with the lawsuit if the Court lacks subject matter jurisdiction over his claims. Plaintiff has not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. Plaintiff states that he is appealing the denial of workers' compensation benefits. This is a state law claim and the Court may not exercise federal question jurisdiction over it. The Court also notes that plaintiff is attempting to appeal a state court judgment to federal court, and federal court review of plaintiff's claim is barred by the Rooker-

<u>Feldman</u> doctrine.  <u>See</u> <u>Houck v. Oklahoma Workers Compensation Court</u>, 2005 WL 3536092

(W.D. Okla. Dec. 22, 2005); <u>McCorvey v. State Insurance Fund</u>, 535 F. Supp. 5 (W.D. Okla. 1981).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma*

*Pauperis* and Supporting Affidavit (Dkt. # 2) is **granted**, and that plaintiff's case is **dismissed** for

lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**DATED** this 30th day of July, 2010.

_____

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT